# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AeroThrust Corporation and AeroThrust Engine Leasing Holding Company, LLC,<br><br>Debtors and Debtors-in-Possession. | Case No: 09-14541(PJW)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**AFFIDAVIT OF JAMES N LAWLOR IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 327, 328(a) AND 329 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016 AUTHORIZING AND APPROVING EMPLOYMENT OF WOLLMUTH MAHER & DEUTSCH LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

**STATE OF NEW JERSEY** )
                      )   **SS:**
**COUNTY OF ESSEX** )

James N. Lawlor, of full age, being duly sworn according to law, upon his oath deposes and says:

1. I am an attorney-at-law of the States of New Jersey and New York and am a member of the law firm of Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110 (the "*Firm*"), proposed attorneys for AeroThrust Corporation ("*AeroThrust*") and its subsidiary debtor in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "*Debtors*").

2. I make this affidavit pursuant to 11 U.S.C. §§ 327, 328(a) and 329 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014(a) and 2016. I make this affidavit based in material part on the Firm's business records, including its conflicts database, and a review of certain business records of the Debtors, especially the list of creditors and parties

in interest, all of which sources I believe to be accurate, and the response to a conflict check which was circulated through the Firm electronically.

3. To the best of my knowledge, the Firm has had no previous relationship with the Debtors prior to the Firm's retention in late 2009.

4. The Firm has been retained by the Debtors under a general retainer for purposes of representing the Debtors in connection with this and any related proceedings and has agreed with the Debtors that no compensation will be paid, except as may be allowed by the Court for services rendered by the Firm. The Firm received the sum of $80,000 as a retainer, of which $61,495.50 was billed against the retainer and paid for work performed in preparation of the Debtors' chapter 11 filings. The Firm will continue to hold the retainer balance in its trust account.

5. The Firm will charge for its legal services on an hourly basis and in accordance with its standard hourly rates, and will seek reimbursement of its disbursements. Rates for the Firm's partners range from $495 to $615 per hour and the Firm's associates range from $250 to $425 per hour; while the Firm's paraprofessionals are billed at $95 to $195 per hour.

6. The Firm has considerable experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and in other areas of law applicable to the chapter 11 case, which it will utilize for and on behalf of the Debtors.

7. Except as noted herein, neither the Firm nor any of its members and associates, insofar as I have been able to ascertain after due inquiry, has any prior connection (connection being defined as a professional relationship) with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of

Delaware, or any person employed in the office of the United States Trustee, except to the extent that any such members or associates (i) may have appeared in the past and may appear in the future in cases where one or more of said parties may be involved; and (ii) may have represented or may represent one or more said parties in matters unrelated to this case. According to the results of the conflict check referred to above, the Firm does not represent in other matters unrelated to this case any of the 30 largest unsecured creditors, and does not represent the ostensible secured creditors of the Debtors, PNC Bank, N.A., Erste Bank Der Oesterreichischen Sparkassen AG and Celsius Holdings Delaware Corporation. However, the Firm presently represents Frank Sica, a member of AeroThrust Holding with a minority interest, in litigation pending in the Court of Chancery of the State of Delaware, which litigation is unrelated to the Debtors' chapter 11 proceedings as it involves Mr. Sica's claims relating to, among other things, expenses charged by TowerBrook Capital Partners, L.P. and TowerBrook Investors L.P. To the best of my knowledge, the TowerBrook entities are unrelated to the Debtors. Moreover, the Firm's attorneys involved in such matters have no responsibility for and are not involved in these Chapter 11 cases. Moreover, the Firm's revenue from the TowerBrook matter was less than 0.5% of the gross revenue of the Firm. The Firm does not represent any other equity owners of the Debtors or any of the Debtors' creditors.

8. In any event, the services provided by the Firm to prospective creditors of the Debtors are completely unrelated to any matters on which the Firm will render services concerning the Debtors or its estate. The Firm has not been retained to represent any entity other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. Any services that the Firm may continue to provide to entities that may be creditors or parties in

interest in this chapter 11 case will not relate to, or have any direct connection with, this chapter 11 case.

9. Neither the Firm, nor any of its members and associates, insofar as I have been able to ascertain after due inquiry, represents any interest adverse to the Debtors or their estates in the matters upon which the Firm is to be engaged. To the best of my knowledge, the Firm is a "disinterested person" within the meaning of 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b).

10. No agreement or understanding in any form or guise exists between us and any other person for a division of compensation for services rendered in or in connection with these cases, and no such division of compensation prohibited by 11 U.S.C. § 504 will be made, except among members of the Firm.

11. Subject to the approval of this Court upon appropriate application therefore, the Firm intends to bill for its legal services in this case in accordance with its usual practice, applying the customary hourly rates for matters of this type, and charging for all disbursements and expenses customarily billed to its clients and necessarily incurred.

/s/ James N. Lawlor
James N. Lawlor

Sworn and subscribed to
before me this 28th day
of December, 2009

/s/ George Benaur
George Benaur
Attorney-at-Law of the State of New Jersey