UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AeroThrust Corporation and AeroThrust Engine Leasing Holding Company, LLC,[1]<br><br>        Debtor. | Case No. 09-14541 (PJW)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date: February 22, 2010 at 10:30 a.m.**<br>**Objections Due: February 12, 2010 at 4:00 p.m.** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 1107(B), FED. R. BANKR. P. 2014 AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF BIFFERATO LLC AS DELAWARE BANKRUPTCY COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

AeroThrust Corporation ("***AeroThrust***") and its subsidiary debtor in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "***Debtors***") hereby presents this application (the "***Application***") to the Court for the entry of an order authorizing the retention and employment of Bifferato LLC ("***Bifferato***") pursuant to sections 327(a) and 1107(b) of title 11 of the United States Code (as amended, the "***Bankruptcy Code***"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("the ***Local Rules***") as Delaware counsel to the Debtor *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtor submits the Declaration of Ian Connor Bifferato attached hereto as **Exhibit A** (the "***Bifferato Declaration***"). In further support of the Application, the Debtor respectfully represents as follows:

---

[1] The Debtors along with the last four digits of their federal tax identification numbers are: AeroThrust Corporation (8838) and AeroThrust Engine Leasing Holding Company, LLC (1230). The Debtors' mailing address for purposes of these cases is P.O. Box 522236, Miami, Florida 33152.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a) and 1107(b) of Bankruptcy Code.

## BACKGROUND

3. On December 27, 2009 (the *"Petition Date"*), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the *"Chapter 11 Cases"*). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has yet been appointed in these Chapter 11 Cases. The committee of unsecured creditors was appointed on January 13, 2010.

4. On December 30, 2009, the Court entered an Order [D.I. 25] directing the joint administration of the Debtors' Chapter 11 Cases.

5. By separate application, the Debtor has also requested that the Court approve the retention and employment of Wollmuth Maher & Deutsch LLP (*"Wollmuth Maher"*) as bankruptcy counsel. On January 19, the Court entered an Order [D.I. 69] approving the Debtors' retention of Wollmuth Maher.

## RELIEF REQUESTED

6. The Debtors desire to retain and employ Bifferato as their Delaware bankruptcy attorneys in these Chapter 11 cases. By this Application, the Debtors respectfully request that the Court enter an order authorizing the Debtor to retain and employ Bifferato as the Debtors'

Delaware attorneys, *nunc pro tunc* to the Petition Date, to represent the Debtor in all phases of thes Chapter 11 cases.

4. The retention of Bifferato as Delaware counsel is necessary and will allow the Debtors to operate more effectively given Bifferato's specialized knowledge of bankruptcy law and procedures in Delaware and Bifferato's proximity to the Court and ability to respond to emergencies. Bifferato intends to work with Wollmuth Maher to minimize duplication of services on behalf of the Debtors.

5. Accordingly, the Debtors respectfully request the entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the employment and retention of Bifferato to perform the legal services that will be necessary in this chapter 11 case.

## BASIS FOR RELIEF

6. Under section 327(a) of the Bankruptcy Code, a debtor in possession may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and …does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 USC § 101(14).

7. The Debtors request approval of the employment of Bifferato *nunc pro tunc* to the Petition Date. Such relief is warranted by the circumstances presented by this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir.

1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989), app. dismissed, 909 F.2d 1406 (3d Cir. 1990). The complexity, intense activity and speed that have characterized these cases have necessitated the Debtors, Bifferato and the Debtors' other professionals to focus their immediate attention on time-sensitive matters and promptly devote substantial resources to the affairs of the Debtors' pending submission and approval of this Application.

8. Prior to commencement of this Chapter 11 case, the Debtors sought the services of Bifferato with respect to, among other things, advice regarding, and the preparation for, the commencement and prosecution of their cases under Chapter 11 of the Bankruptcy Code. The Debtors have employed and retained Bifferato as their bankruptcy attorneys in connection with the filing and, subject to the entry of an order approving the retention of Bifferato, the prosecution of these Chapter 11 cases.

### SERVICES TO BE PROVIDED BY BIFFERATO

9. The Debtors believe that the services of Bifferato are necessary to enable them to execute faithfully their duties as debtor in possession. Subject to further order of this court, Bifferato will render the following professional services to the Debtors:

    (a)    to take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

    (b)    to prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the Debtors' estates; and

    (c)    to perform all other necessary legal services in connection with the Bankruptcy Cases.

10. The Debtors believe that Bifferato's employment is in the best interest of the Debtors, their estates and creditors.

11. Subject to the Court's approval of the Application, Bifferato is willing to serve as the Debtor's Delaware Bankruptcy counsel and perform the services described above.

## **DISINTERESTEDNESS OF PROFESSIONAL**

12. To the best of the Debtors' knowledge, information and belief, and except to the extent otherwise indicated in the Bifferato Declaration, none of Bifferato's directors, counsel or associates hold or represent any interest adverse to the Debtors' estates or their creditors, and Bifferato is a "disinterested person", as defined in section 101(14) of the Bankruptcy Code.

13. Bifferato does not, and has not, represented any entities other than the Debtors, in matters related to this chapter 11 case. Bifferato may represent or may have represented certain parties with interests in the Debtors' cases, on matters unrelated to their Chapter 11 cases. As set forth in the Bifferato Declaration, Bifferato has conducted, and continues to conduct, research into its relations with the Debtor, and other parties interested in this case. As part of this inquiry, Bifferato obtained the names of individuals or entities that may be parties in interest in this Chapter 11 case (the "***Potential Parties in Interest***"). Bifferato reviewed the names of Potential Parties in Interest. One of the Potential Parties in Interest is a former client of Bifferato since January 1, 2008. Bifferato has determined that the representation of such client concerned matters unrelated to this Chapter 11 case.

14. While Bifferato has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Bifferato, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, Bifferato will so advise the Court.

15. One of Bifferato's attorneys, Matthew Denn currently serves as Lieutenant Governor for the State of Delaware. Mr. Denn will not be involved in any aspect of this matter adverse to the State of Delaware.

16. Bifferato and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these cases.

## COMPENSATION

17. Bifferato was retained by the Debtor under an advance payment retainer. On December 21, 2009, Bifferato received a payment in the amount of $50,000.00, as an advance fee for services to be rendered and expenses to be incurred in connection with Bifferato's representation of the Debtors (the "*Initial Advance*"), against which Bifferato applied $17,111.50 after a final reconciliation of prepetition fees and expenses. Accordingly, Bifferato currently holds a balance of $32,888.50 as an advance payment for services to be rendered and expenses to be incurred in connection with its representation of the Debtors (the "*Current Advance*"). The balance will be held as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Bifferato's final fee application in this case.

18. Bifferato has not been paid any other compensation by the Debtor.

19. In this case, the Current Advance held by Bifferato is appropriate. *See In re Insilco Tech., Inc.* 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include…whether terms of an agreement reflect normal business terms in the marketplace;…the relationship between the Debtors and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in arms-length negotiation [and]…whether the retention, as proposed is in the best interests of the estate…in the

marketplace." *See id.* At 634 (stating that it is not disputed that "the taking of retainers is a practice now common in the marketplace." Secondly, the Debtors and Bifferato are sophisticated entities which have negotiated the Current Advance at arms-length. Thirdly, the Current Advance is in the best interests of the Debtors and their estates because the retention agreement and the Current Advance allow the Debtors and Bifferato to maintain their prepetition relationship and guarantee continuity of legal advice and representation through the prosecution of this bankruptcy case. Thus, under the standards described by the *Insilco* court, the facts and circumstances of these cases support the Court's approval of the Current Advance.

20. Bifferato's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate. Subject to Court approval in accordance with 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules and the orders of this Court, the Debtors propose to compensate Bifferato for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Bifferato Declaration, plus reimbursement of actual, necessary expenses incurred by Bifferato on the Debtors' behalf.

21. For professional services, fees are based on Bifferato's standard hourly Bankruptcy rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, paralegals and staff who provide services to the Committee. At the present time, the following are Bifferato's current hourly rates for work of this nature:

| | |
|---|---|
| Directors | $400 to $490 |
| Associates | $260 to $375 |
| Paralegals | $165 to $200 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

22. Consistent with the firm's policy with respect to its other Bankruptcy clients, Bifferato will charge the Debtors for all services provided and for charges and disbursements incurred in rendering services to the Debtor *nunc pro tunc* as of the Petition Date. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.

23. Based upon the Bifferato Declaration filed contemporaneously herewith, the Debtor is satisfied that (i) Bifferato represents no interest adverse to the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estate, and (ii) Bifferato has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee. To the best of the Debtors' knowledge, Bifferato has no connection with creditors or any other adverse party or its attorneys except as otherwise noted in the Bifferato Declaration.

## **NOTICE**

24. Notice of the Application, including the Bifferato Declaration attached hereto, is being given to (i) the Office of the U.S. Trustee for the District of Delaware, (ii) the official committee of unsecured creditors, (iii) all parties having filed a notice of appearance in these cases and (iv) all alleged secured creditors, including but not limited to PNC Bank, N.A., Erste Bank Der Oesterreichischen Sparkassen AG and Celsius Holdings Delaware Corporation. The Debtors submit that, under the circumstances, due and sufficient notice of this Application has been provided and that no other or further notice need be given.

## NO PRIOR APPLICATION

25. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully requests entry of the Order, substantially in the form attached hereto as **Exhibit B**, granting the employment and retention of Bifferato as its attorney and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: January 26, 2010
      Miami, Florida

AEROTHRUST CORPORATION

By: _____
John F. 'Jack' Risko
Chairman and Chief Executive Officer