# EXHIBIT A

[Moses Affidavit]

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 09-14541 (PJW) |
| AeroThrust Holding Corporation and AeroThrust Engine Leasing Holding Company, LLC,[1] | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |

## AFFIDAVIT OF GLENN D. MOSES

| | |
|---|---|
| STATE OF FLORIDA | ) |
| | ) SS: |
| MIAMI DADE COUNTY | ) |

GLENN D. MOSES, being first duly sworn to oath, deposes and says:

1. I am an attorney admitted to practice in the State of Florida, and am a shareholder in the firm of Genovese Joblove & Battista P.A. ("GJB"). GJB is a Florida law firm with its offices at 100 Southeast 2nd Street, 44th Floor, Miami, Florida 33131.

2. I submit this affidavit in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the employment and retention of GJB as its special counsel in these chapter 11 cases, in compliance with and to provide disclosure pursuant to sections 1103 and 504 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors along with the last four digits of their federal tax identification numbers are: AeroThrust Corporation (8828) and AeroThrust Engine Leasing Holding Company, LLC (1230). The Debtors' mailing address for purposes of these cases is P.O. Box 522236, Miami, Florida 33152.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon GJB's completion of further analysis or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

3. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, GJB intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, plus reimbursement of actual, necessary expenses and other charges incurred by GJB during the case. GJB initially will charge its typical hourly rates, but reserves the right to reach a contingency fee arrangement with the Committee, and seek Court approval thereof, should GJB commence or seek to commence litigation on behalf of the Committee.

4. The principal professionals and paraprofessionals designated to represent the Committee and the hourly rates they will charge on this matter are as follows:

    (a) Glenn D. Moses    $435 per hour

    (b) Heather A. Harmon    $350 per hour

    (c) Milton Pacheco    $250 per hour

5. The hourly rates set forth above are GJB's standard hourly rates for work of this nature. GJB's standard rates are set at a level designed to compensate GJB fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals within GJB may from time to time serve the Committee in connection with the matters described herein.

6. It is GJB's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among

2

other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. GJB will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to GJB's other clients or as previously fixed by this Court. GJB believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

7. Neither I, GJB, nor any director or associate of GJB, insofar as I have been able to ascertain, has in the past represented the Debtors or any Potential Party in Interest (as defined below), except as hereinafter set forth.

8. In preparing this affidavit, we used a set of procedures established by GJB to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, GJB reviewed the lists of entities disclosed by the Debtors who may be parties in interest in these chapter 11 cases, including, inter alia, the Debtors' secured and/or allegedly secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest").

9. GJB maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of GJB to make and maintain these records. The conflict system maintained by GJB is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney at GJB that is

3

knowledgeable about the matter. It is the policy of GJB that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by GJB. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

10. GJB has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or these chapter 11 cases, Lufthansa German Airlines and its affiliates, including Lufthansa Tecknik AG and Lufthansa Tecknik Turbine Shannon (collectively, "Lufthansa"), which are unsecured creditors in this case. I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (.5%) of GJB's annual fees billed, or that, in the aggregate for any affiliated group of entities, exceeds one percent (1%) of GJB's annual fees billed. In any event, GJB will not represent any Lufthansa entity in any facet of the Debtors' chapter 11 cases.

11. GJB has not received a retainer.

12. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between GJB and (i) the U.S. Trustee or any person employed by the U.S. Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent the Debtors or other parties in interest in these chapter 11 cases. In addition, as part of its practice, GJB appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent the

4

Debtors and parties in interest in this case. GJB has not and will not represent any such entities in relation to these chapter 11 cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which GJB is to be employed.

13. Except as set forth herein, and based upon the information available to me, neither I, GJB nor any director or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Committee in the matters upon which GJB is to be employed. Based upon the information available to me, I believe that GJB is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

14. The proposed engagement of Genovese is not prohibited by or improper under Bankruptcy Rule 5002(a).

15. No promises have been received by GJB, or by any director or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. GJB has no agreement with any other entity to share with such entity any compensation received by GJB.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2010
Miami, Florida

_____
Glenn D. Moses, Esq.

SWORN TO AND SUBSCRIBED before me this 29th day of January 2010.

_____
Notary Public



DENISE RUDASILL
MY COMMISSION # DD 822384
EXPIRES: November 18, 2012
Bonded Thru Notary Public Underwriters

5