# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| In re: | Case No. 09-14541 (PJW) |
|---|---|
| **AeroThrust Holding Corporation and AeroThrust Engine Leasing Holding Company, LLC,**[1] | Chapter 11 <br><br> (Jointly Administered) |
| Debtors. | Objection Deadline: February 17, 2010 at 4:00 p.m. <br> Hearing Date: February 22, 2010 at 10:30 a.m. |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF GRAYROBINSON, P.A. AS COUNSEL TO CREDITORS' COMMITTEE *NUNC PRO TUNC* TO JANUARY 13, 2010

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ GRAYROBINSON, P.A. ("GR") as its counsel *nunc pro tunc* to January 13, 2010, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The

---

[1] The Debtors along with the last four digits of their federal tax identification numbers are: AeroThrust Corporation (8828) and AeroThrust Engine Leasing Holding Company, LLC (1230). The Debtors' mailing address for purposes of these cases is P.O. Box 522236, Miami, Florida 33152.

statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

2. The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") on December 27, 2009 (the "Petition Date"). The Debtors remain in possession of their assets and continue to manage their affairs as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. These cases are being jointly administered for procedural purposes only and no trustee or examiner has been appointed in this case.

3. The Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee (the "U.S. Trustee") by notice dated January 14, 2010 [D.I. 56]. At the conclusion of the Committee formation meeting held January 13, 2010, the Committee selected GrayRobinson, P.A. ("GR") as its counsel subject to Court approval under Bankruptcy Code section 1103(a).

4. On January 15, 2010, the Committee selected RICHARDS, LAYTON & FINGER, P.A. ("RL&F") as its local counsel in these Chapter 11 Cases as required by Local Rule 9010-1(c). By separate application, the Committee is seeking to employ and retain, pursuant to section 1103(a) of the Bankruptcy Code, RL&F as local counsel in these Chapter 11 Cases.

5. The Committee has selected GR as its counsel because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. The Committee believes that GR

2

is both well qualified and able to represent it in these Chapter 11 Cases in a most efficient and timely manner.

6. The Committee believes that the services of GR are necessary to enable it to execute faithfully its statutory duties. Subject to further order of this Court, GR will render the following professional services:

> (a) to advise the Committee of its rights, powers and duties in these Chapter 11 Cases;
>
> (b) to assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;
>
> (c) to assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;
>
> (d) to assist with the Committee's investigation of the acts, conduct, assets liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;
>
> (e) to assist the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of any plan or plans of reorganization or liquidation (including a section 363 sale) of the Debtors;
>
> (f) to prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and
>
> (g) to perform all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with the Chapter 11 Cases.

7. GR has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as counsel to the Committee. Furthermore, to the best of the Committee's knowledge, the directors and associates of GR do not have any connection with or any interest adverse to that of the Committee, its creditors, or any other party in interest, or their respective attorneys, except as set forth in the affidavit of Steven J. Solomon (the "Solomon Affidavit"), a copy of which is attached hereto as Exhibit B.

8. GR intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay GR its customary hourly rates in effect from time to time as set forth in the Solomon Affidavit. The Committee submits that these rates are reasonable.

## DISINTERESTEDNESS OF GRAYROBINSON, P.A.

9. To the best of the Committee's knowledge, information and belief, and except as set forth in the Solomon Affidavit, GR does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and GR is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## NO PRIOR REQUEST

10. No prior request for the relief sought in this Application has been made to this or any other court.

## NOTICE

11. Notice of this Application has been given to: (i) the U.S. Trustee; (ii) the Debtors; (iii) counsel to the Debtors; (iv) counsel for PNC Bank, N.A.; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is required.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting this Application, (ii) authorizing the Committee to retain and employ GR as its counsel, *nunc pro*

*tunc* to January 13, 2010, and (iii) granting such other and further relief the Court deems just and proper.

Dated: January 21, 2010
Wilmington, Delaware

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AEROTHRUST HOLDING CORPORATION AND AEROTHRUST ENGINE LEASING HOLDING COMPANY, LLC

By: TranLogistics LLC, solely in its capacity as Member of the Official Committee of Unsecured Creditors and not in its individual capacity[2]

By: _____
Name: Lily Tran
Title: as Chairperson of the Committee

---

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

5