# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AeroThrust Holding Corporation and AeroThrust Engine Leasing Holding Company, LLC,**[1]<br><br>Debtors. | Case No. 09-14541 (PJW)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Obj. Deadline: February 17, 2010 at 4:00 p.m. (EST)<br>Hearing Date: February 22, 2010 at 10:30 a.m. (EST) |

## APPLICATION FOR AN ORDER TO EMPLOY AND RETAIN SSG CAPITAL ADVISORS, LLC AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JANUARY 27, 2010

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the cases of the above captioned debtors and debtors-in-possession (the "Debtors") hereby moves this Court for entry of an order, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the employment and retention of SSG Capital Advisors, LLC ("SSG") as financial advisors to the Committee. In support of this Application, the Committee relies upon the Declaration of J. Scott Victor (the "Victor Declaration"), the Managing Director of SSG, filed concurrently herewith, and further respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The statutory predicate for the relief requested herein is sections 328 and 1103(a) of the Bankruptcy Code.

\303762\1 - # 210941 v1

## Background

2. On December 27, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors-in-possession.

3. On January 14, 2010, the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.

## Relief Requested

4. By this Application, the Committee respectfully requests entry of an order authorizing the employment and retention of SSG, effective as of January 27, 2010, in these chapter 11 cases, to provide financial advice to the Committee on the matters described below pursuant to the terms set forth in the Engagement Letter, dated February 4, 2010, between the Committee and SSG (the "Engagement Letter"), a copy of which is attached to the Victor Declaration as Exhibit A.

## Basis for Relief Requested

5. Given the complex issues that continue to arise in these cases, the Committee requires experienced financial advisors to assist it.

6. The Committee has selected SSG as its financial advisor because of SSG's experience and reputation for providing restructuring advisory services in chapter 11 cases. SSG is a nationally recognized investment bank with extensive experience helping middle market companies as well as their stakeholders complete challenging financial transactions. SSG offers advisory services in the areas of private placements, mergers

and acquisitions, financial restructurings, and complex valuations. SSG's financial restructuring services include renegotiating existing senior and subordinated credit facilities, restructuring unsecured creditor obligations, restructuring equity, and restructuring new debt and new investments to supplement capital needs of restructured entities. SSG also specializes in, among other things, the sale of middle market companies and their assets, divisions, and subsidiaries in chapter 11 proceedings. SSG has (i) extensive knowledge of potential strategic and financial buyers interested in the Debtor's industry; (ii) substantial special situation sell-side investment banking experience; and (iii) extensive restructuring experience.

7. SSG has served as investment bank and financial advisor to numerous financially distressed companies, and has developed a strong reputation for its work in insolvency proceedings and out-of-court restructurings. SSG has served as an investment banker in a number of bankruptcy cases in the Third Circuit, including, *inter alia*: PCAA, Case No.10-10250 (MFW) (Bankr. D. Del. January 28, 2010), Philadelphia Newspapers, LLC, Case No. 09-11204 (SR) (Bankr. D. E.PA February 22, 2009) (sale monitor); Bamboo Abbott, Inc., t/a Prestige Window Fashions, Case No. 09-28689 (MBK)(Bankr. D.N.J. August 20, 2009); Big 10 Tires Stores, Inc., Case No. 09-11176 (CSS) (Bankr. D. Del. April 2, 2009); Ritz Camera, Case No. 09-10617 (MFW) (Bankr. D. Del. February 22, 2009) (buy side); Diamond Glass, Inc., Case No. 08-10601 (CSS) (Bankr. D. Del. April 1, 2008); Boscov's Inc., Case No. 08-11635 (KG) (Bankr. D. Del. Aug. 8, 2008) (buy side); Zestra Laboratories, Inc., Case No. 08-11313 (KJC) (Bankr. D. Del. June 29, 2008); Shapes/Arch Holding L.L.C., Case No. 08-14631 (GMB) (Bankr. D.N.J. March 16, 2008); Marcal Paper Mills, Inc., Case No. 06-21886 (MS) (Bankr. D.N.J. November

30, 2006); Nobex Corp., Case No. 05-20040 (CSS) (Bankr. D. Del. Dec. 1, 2005); Pharmaceutical Formulations, Inc., Case No. 05-11910 (MFW) (Bankr. D. Del. July 11, 2005); The Glass Group, Inc., Case No. 05-10532 (KG) (Bankr. D. Del. Feb. 28, 2005); American Business Financial Services, Inc., Case No. 05-10203 (MFW) (Bankr. D. Del. Jan. 21, 2005); Coram Healthcare Corp., Case No. 00-03299 (MFW) (Bankr. D. Del. August 8, 2000). As a result, the Debtors believe that SSG is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

8. SSG's advisory services will be provided by a team of SSG professionals led by J. Scott Victor and Robert C. Smith. Both Messrs. Victor and Smith are founding partners and Managing Directors of SSG. Mr. Victor has over 25 years experience as an investment banker and bankruptcy lawyer with expertise in restructuring and special situation transactions. Mr. Smith has over 25 years experience as an investment banker and a commercial lender with a particular emphasis on restructuring and special situations transactions. Messrs. Victor and Smith have guided numerous U.S. and European middle market companies through complex financial restructurings, sale transactions and private placements.

### Services to be Rendered

9. Subject to the approval of this Court, as set forth in the Engagement Letter, SSG will render services to the Committee as follows:[1]

> a) assist the Committee in analyzing and reviewing the assets, liabilities and financial condition of the Debtors;
> 
> b) evaluate the Debtors' potential debt capacity in light of existing and prospective cash flows;

---

[1] This description of the services to be rendered pursuant to the Engagement Letter herein is a summary. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

\303762\1 - #210941 v1

c)     assist the Committee in evaluating any restructuring plan or the sale of assets or businesses of the Debtors;

d)     assist the Committee in negotiating the restructuring plan with lenders, Debtors, and other interested parties;

e)     identify potential parties who might be interested in entering into a Sale Transaction (defined in the Engagement Letter);

f)     formulate and recommend a strategy for pursuing a potential Sale Transaction;

g)     provide expert testimony; and

h)     perform any other tasks as mutually agreed upon by SSG and the Committee.

10.     SSG has indicated a willingness to act on behalf of, and render such services to, the Committee, upon the terms set forth herein.

11.     The Committee expects SSG to coordinate their work with the Committee's other professionals to avoid any duplication of effort or expenses. The Committee believes that employing SSG as its financial advisor asset forth herein will provide the Committee with advice, assistance and information in a cost effective manner in those areas in which SSG has particular knowledge and expertise.

### Disclosure Concerning Connections
### Between SSG and Parties in Interest

12.     To the best of the Committee's knowledge, except as otherwise set forth herein an in the accompanying Victor Declaration, SSG does not have any connection with the Committee, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Based upon the information provided to it, the Committee believes SSG does not represent any other entity having an

adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Committee with respect to the matters on which SSG is to be employed.

**Professional Compensation**

13. SSG and the Committee entered into an Engagement Letter, effective as of January 27, 2010, pursuant to which SSG will act as the Committee's financial advisor if authorized by the Court. The terms and conditions of SSG's engagement are set forth in the Engagement Letter attached as Exhibit A to the Victor Declaration.

14. Except as provided below, SSG intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the local rules and orders of this Court, including the Administrative Compensation Order[2]. SSG has agreed to accept as compensation such sums for the Debtors as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

15. Pursuant to the Engagement Letter, SSG: (a) shall receive a monthly fee (the "Monthly Fee") of $25,000 per month payable by the Debtors; and (b) submit an invoice to the Committee and the Debtors on the monthly anniversary of the entry of the Retention Order (as hereafter defined) for payment of the Monthly Fee and such invoice

---

[2] "Administrative Compensation Order" refers to the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, which the Debtors have asked the Court to approve at a hearing scheduled for February 22, 2010.

\303762\1 - #210941 v1

shall be due and payable upon receipt.[3] SSG's Monthly Fees shall be paid without the necessity of filing interim applications for compensation. SSG shall receive a Success Fee of 2.5 percent of the total recovery to unsecured creditors. Notwithstanding the foregoing, the calculation of total recovery to unsecured creditors for purposes of determining the Success Fee shall not include recoveries from litigation. Such Success Fee shall be earned and payable upon closing of a Sale Transaction or, in the case of no Sale Transaction, then upon confirmation of a Plan of Reorganization. Such Success Fee shall be subject to court approval of a First and Final Application for Compensation. In addition, the Engagement Letter provides for reimbursement of reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder. Such expenses include, but are not limited to, reasonable fees and expenses of SSG's legal counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures.

16. SSG has agreed to invoice for these expenses in a manner and at rates consistent with charges made generally to SSG's other clients. Both SSG and the Committee recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed transaction. The fees to be paid to SSG pursuant to the terms of the Engagement Letter are subject to the standard of review provided in section 328 (a) of the Bankruptcy Code.

17. Other than as set forth herein and in the Engagement Letter, no arrangement is proposed between the Committee and SSG for compensation to be paid in these cases.

---

[3] Upon entry of the Retention Order, SSG shall submit to the Debtors its initial invoice for Monthly Fees covering the period from the date hereof through the date of the Retention Order, calculated on a pro-rated basis.

\303762\1 - # 210941 v1

18. The Committee has been advised by SSG that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## No Prior Request

19. No prior application for the relief requested herein has been made to this or any other Court.

## Notice

20. Notice of the Application and the requested relief has been provided to (i) counsel for the Debtors, (ii) the Office of the United States Trustee, and (iii) any other parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.

## Conclusion

**Wherefore,** the Committee respectfully requests that the Court enter an Oder authorizing the Committee to retain and employ SSG, effective January 27, 2010, and granting such other and further relief as is appropriate.

Dated: February 5, 2010
Wilmington, Delaware

                        OFFICIAL COMMITTEE OF UNSECURED
                        CREDITORS OF AEROTHRUST HOLDING
                        CORPORATION AND AEROTHRUST ENGINE
                        LEASING HOLDING COMPANY, LLC

                        By: TranLogistics LLC, solely in its capacity as
                        Member of the Official Committee of Unsecured
                        Creditors and not in its individual capacity[4]

                        By: _____
                        Name: Lily Tran
                        Title: as Chairperson of the Committee

---

[4] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.

\303762\1 - # 210941 v1