IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AeroThrust Corporation and AeroThrust Engine Leasing Holding Company, LLC, [1]<br><br>    Debtors and Debtors-in-Possession. | Case No: 09-14541 (PJW)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date: April 20, 2010 at 2:00 p.m.**<br>**Objections Due: April 13, 2010 at 4:00 p.m.** |

**DEBTORS' MOTION, PURSUANT TO SECTION 1121(d)
OF THE BANKRUPTCY CODE, REQUESTING EXTENSIONS OF
EXCLUSIVE PERIODS FOR THE FILING OF AND SOLICITATION
OF ACCEPTANCES FOR CHAPTER 11 PLAN**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move this Court (the "**Motion**") for entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), further extending the exclusive periods (the "**Exclusive Periods**") during which only the Debtors may (i) file a chapter 11 plan of reorganization (a "**Plan**") and (ii) solicit acceptances of such Plan. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The basis for the relief sought herein are sections 105(a) and 1121 of title 11 of the Bankruptcy Code and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Venue of the Debtors' chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. § 1408.

---

[1]     The Debtors along with the last four digits of their federal tax identification numbers are: AeroThrust Corporation (8838) and AeroThrust Engine Leasing Holding Company, LLC (1230). The Debtors' mailing address for purposes of these cases is P.O. Box 522236, Miami, Florida 33152.

## BACKGROUND

2. On December 27, 2009 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has yet been appointed in these Chapter 11 Cases.

3. On December 30, 2009, the Court entered an Order directing the joint administration of the Debtors' Chapter 11 Cases.

4. The official committee of unsecured creditors was appointed on January 13, 2010.

5. AeroThrust Corporation ("**AeroThrust**") is primarily engaged in the sale of aircraft engines and provision of aircraft engine maintenance, report and overhaul services to commercial passenger airlines, air cargo carriers and the United States military. AeroThrust Engine Leasing Holding Company, LLC ("**AeroThrust Holding**"), through a wholly-owned subsidiary, is engaged in the financing of engines to be leased and began operations in May 2008. AeroThrust Holding is 51% owned by AeroThrust, and the remaining 49% minority interest is owned by individuals who contributed approximately $374,000 in cash during 2008.

6. The Debtors' headquarters and a 140,000 sq. ft. engine shop are located in South Florida to permit convenient worldwide access. In addition, AeroThrust has an office in Christchurch, New Zealand and representatives in Europe, Asia and South America. AeroThrust is the only independent company in the U.S. serving the global aviation industry engaged in the maintenance, repair and overhaul of CFM56 (GE,

Snecma-France) and JT8D (Pratt & Whitney) commercial jet engines. The Debtors have determined that they will seek to sell themselves as a going concern, or raise funds to recapitalize themselves, as the means of maximizing value for all of their constituents in these cases.

## REQUESTED RELIEF AND REASONS THEREFORE

7. By way of the Motion, the Debtor seeks entry of an order extending their Exclusive Periods by ninety (90) days. Specifically, the Debtors request that the exclusive period for filing a chapter 11 plan be extended from April 26, 2010, to July 25, 2010, and that the exclusive period for the solicitation of acceptances be extended from June 25, 2010, to September 23, 2010. This is the Debtors' first request for an extension of the Exclusivity Periods.

8. Section 1121(b) of the Bankruptcy Code grants a debtor the exclusive right to file a chapter 11 plan for an initial period of 120 days from the Petition Date. If a debtor files a plan within this exclusive period, then a debtor has the exclusive right for 180 days from the Petition Date to solicit acceptances to its plan. See 11 U.S.C. § 1121(c)(3). During these exclusive periods, no other party in interest may file a competing plan of reorganization or liquidation.

9. Section 1121(d) of the Bankruptcy Code provides that a court may extend the exclusive periods "for cause" upon the request of a party in interest after notice and a hearing. See 11 § U.S.C. 1121(d). Although the Bankruptcy Code does not define "cause" for an extension, courts have looked to the legislative history of section 1121(d) for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); see also In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio

3

1996). Congress did not intend that the 120-day and 180-day periods be a hard and fast rule; rather, Congress intended that the exclusive periods be of adequate length, given the circumstances, for the debtor to formulate, negotiate and draft a consensual plan without the dislocation and disruption to the business that would occur with the filing of competing plans of reorganization.

10. A bankruptcy court has broad discretion in determining whether cause exists to extend the exclusivity periods. See In re Amko Plastics, 197 B.R. at 77; see also In re Perkins, 71 B.R. 294, 297 (W.D. Tenn. 1987); First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986). There are several non-exclusive factors which inform a bankruptcy court's decision on the issue. These factors include: (i) the size and complexity of the chapter 11 case; (ii) the degree of progress that has been achieved by the debtor in the chapter 11 case; and (iii) whether a viable plan of reorganization can be reasonably expected to be filed by the debtor in the foreseeable future. See e.g., In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 185 (Bankr. D.N.J. 2002). In addition, the diligence of management and the proper administration of the case are factors supporting an extension of the Exclusivity Periods. See e.g., In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D.Mich. 1997) (considering "good faith progress;" "fact that debtor is paying bills when due;" and "whether debtor has made progress in negotiations with creditors); In re Express One Int'l, Inc., 194 B.R. 98, 101 (Bankr. E.D. Tex. 1996) (extension granted where debtor was diligent in conduct of case).

11. The facts here militate in favor of granting an extension. The Debtors have been diligent and have progressed in their cases to date. During these cases, the Debtors have engaged in activities to insure a smooth transition into chapter 11, to negotiate for the continued use of cash collateral, solidify relationships with vendors and employees, to obtain new business and to continue their operations, and to develop a potential exist strategy for these chapter 11 cases. The Debtors now are actively engaged in negotiations for the sale of substantially all of their assets, which will enable the Debtors to move toward the filing of a chapter 11 plan. The Debtors have remained current with their post-petition obligations and concurrently with this Motion are seeking leave for an extension of time to assume or reject their remaining unexpired leases for non-residential real property. Moreover, the Debtors have only a small management team, and the additional requirements imposed on chapter 11 debtors have taken a substantial amount of time that otherwise would have been spent on the further development of a plan. These activities since the Petition Date have precluded the Debtors from focusing their attention on further developing and finalizing a plan of reorganization to date.

12. The Debtors submit that no circumstances exist that justify denial of the extension, and the extension will facilitate both the plan process. This Motion is the Debtor's first request for an extension of the Exclusivity Periods. The Debtors further submit that the requested extension is reasonable given the facts and circumstances of this case. The extension will afford the Debtors the opportunity to finalize the terms of a plan.

13. If the Court were to deny the Debtor's request for an extension, any party in interest would be free to propose a chapter 11 plan, which could unnecessarily complicate the case at a point when it is close to being concluded. Thus, termination of the Exclusivity Period is not in the best interests of the Debtors, their creditors or the estates.

14. In view of the foregoing, the Debtors respectfully submit that an extension of the Exclusivity Periods is appropriate and warranted in these cases.

## NOTICE, PRIOR REQUESTS AND WAIVER OF BRIEF

15. Prior notice of the Motion has been given to (i) the United States Trustee, (ii) counsel to PNC Bank, (iii) Erste Bank, (iv) counsel for the Committee appointed by the United States Trustee, and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

16. The Debtors have not made any prior application for the relief requested herein to this or any other court.

17. The Debtors do not believe that the Motion presents any novel issues of law requiring the citation to any authority other than cited above, and submits that no brief is necessary

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court (i) authorize the first extension of the Exclusivity Periods requested by the Debtors to file a chapter 11 plan and to solicit acceptances thereto, and (ii) grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

Dated: April 5, 2010
Wilmington, Delaware

BIFFERATO, LLC

*[signature]*

Ian Connor Bifferato (#3273)
Thomas F. Driscoll III (#4703)
800 N. King Street, Plaza Level
Wilmington, DE 19801
Tel: (302) 225-7600
Fax: (302) 254-5833
cbifferato@bifferato.com
tdriscoll@bifferato.com

-and-

WOLLMUTH MAHER & DEUTSCH LLP
Paul R. DeFilippo (PD 9779)
James N. Lawlor (JL 6065)
500 Fifth Avenue, 12th Floor
New York, New York 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com

*Co-Counsel for AeroThrust Corporation and AeroThrust Engine Leasing Holding, LLC*